NOT DESIGNATED FOR PUBLICATION

No. 127,942

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

NOAH D. REED,
*Appellant*,

v.

KANSAS DEPARTMENT OF CORRECTIONS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; CLINTON LEE, judge. Submitted without oral argument. Opinion filed November 22, 2024. Appeal dismissed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Fred W. Phelps Jr.*, deputy chief legal counsel, Kansas Department of Corrections, for appellee.

Before ARNOLD-BURGER, C.J., GARDNER and COBLE, JJ.

PER CURIAM: Noah D. Reed filed a writ of mandamus with the district court of Leavenworth County asking the court to transfer him from Lansing Correctional Facility (Lansing), where he had been recently moved, back to Ellsworth Correctional Facility. Construing the filing as a petition under K.S.A. 60-1501, the district court issued a form "Notice of Deficient Pleading" instructing Reed to correct the deficiencies. After Reed failed to do so, the district court summarily dismissed his petition. Reed now appeals the district court's summary dismissal. But Reed is no longer confined in Lansing, so his appeal is deemed moot and is dismissed.

1

FACTUAL AND PROCEDURAL BACKGROUND

In January 2024, Reed filed a pro se motion for writ of mandamus in Leavenworth County case No. 2024-CV-0053. The handwritten petition, in its entirety, reads:

"Comes now the Petitioner Noah D. Reed, Pro-Se pursuant to all U.S. Constitutional, Federal, State, & any Statutory laws or Rules & Regulations that may apply to enlighten legibly. This Writ of Mandamus is commanding Kansas Department of Corrections to transfer the Petitioner Noah D. Reed from Lansing Correctional Facility to Ellsworth Correctional Facility. Being that the transfer to Lansing was a significant or atypical departure from the ordinary incidents of prison life as retaliation to the protected conduct of petitioning the court due to the deliberate indifference from malicious intent & intentional negligence explained in Petition of K.S.A. 75-6103 Liability of Government Entity. Humbly, Noah D. Reed."

On March 26, 2024, the district court notified Reed that his pleading was deficient as construed under K.S.A. 60-1501. Through a form "Notice of Deficient Pleading," the district court ordered Reed to correct the outlined deficiencies within 45 days. The items missing from his filing included: (1) a State Poverty Affidavit, (2) a certified copy of the prison account statement for the six-month period immediately preceding the filing of the petition, (3) a civil information sheet, and (4) sending a check or money order for $15 payable to the Leavenworth County Sheriff. The order clearly warned, in capital and bolded letters: "FAILURE OF THE PLAINTIFF/PETITIONER TO COMPLY WITH THIS ORDER WITHIN 45 DAYS MAY RESULT IN THIS ACTION BEING DISMISSED."

After receiving no corrective filings, the district court issued an order dismissing Reed's petition 51 days later on May 16, 2024. The district court's order specified it was dismissing the case because of Reed's inactivity and failure to comply with the "Notice of Deficient Pleading," resulting in his failure to prosecute the case.

2

Reed timely appeals.

## REED'S CLAIM IS MOOT

Reed argues the district court improperly dismissed his petition for failing to correct his deficient pleading. He does not challenge the district court's decision to construe his writ of mandamus as a K.S.A. 60-1501 petition but maintains the court should have given him another chance to correct his filing instead of dismissing his claims purely on technical issues. The Kansas Department of Corrections (KDOC) disagrees, arguing the district court did not abuse its discretion in summarily dismissing the petition. More convincingly, though, the KDOC suggests Reed's claim is now moot because Reed is no longer in custody at Lansing.

As a rule, Kansas courts do not decide moot questions or provide advisory opinions. *State v. Roat*, 311 Kan. 581, 590, 466 P.3d 439 (2020). "A case is moot when a court determines it is clearly and convincingly shown that the actual controversy has ended, that the only judgment that could be entered would be ineffectual for any purpose, and that it would not have an impact on any of the parties' rights." 311 Kan. 581, Syl. ¶ 1.

It is well established in the Kansas appellate courts that an inmate's habeas corpus petition contesting conditions of confinement at a facility becomes moot when that inmate is no longer subject to the disputed confinement or is released from custody at the facility complained about in his petition. See *Jamerson v. Heimgartner*, 304 Kan. 678, 686, 372 P.3d 1236 (2016) (finding a petitioner's release from administrative segregation, but continued confinement in the same facility, was sufficient to render his K.S.A. 60-1501 petition moot where he only challenged his confinement in administrative segregation); see also *Bowers v. Bellendir*, No. 125,870, 2023 WL 4983126, at *3 (Kan. App. 2023) (unpublished opinion) (finding the habeas corpus petition challenging the

conditions of petitioner's confinement in the Barton County Jail to be moot where petitioner was no longer in the respondent's custody; discussing cases finding similarly).

Here, Reed admits in his appellate brief that he is no longer housed at Lansing but is now an inmate in the Larned Correctional Mental Health Facility. Although the KDOC argued his claim is now moot, Reed did not reply to that argument and thus fails to demonstrate how any recognized exception to the mootness doctrine might apply to his circumstances. Reed's petition specifically asks that he be transferred from Lansing because his transfer there was allegedly retaliatory. But he is no longer at Lansing and cannot choose where he is imprisoned, so any available relief has already been provided to him, and our order would have no impact. We find his appeal to be moot.

Appeal dismissed.